THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID COPE and JENNIFER OLSON, on behalf of themselves and all other plaintiffs similarly situated known and unknown, | ) ) ) ) ) | Case No.: |
| Plaintiffs, | ) ) ) | Judge: |
| v. | ) ) | |
| MILLHURST ALE HOUSE OF YORKVILLE, INC., TONY MALAMIS | ) ) ) | Magistrate Judge: |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs David Cope ("Cope") and Jennifer Olson ("Olson") collectively ("Plaintiffs") on behalf of themselves and all other plaintiffs similarly situated and for their Complaint against Defendants Millhurst Ale House of Yorkville, Inc. ("MAH") and Tony Malamis, an Individual ("Malamis") (collectively, "Defendants,") state as follows:

### NATURE OF CLAIMS

1. Congress enacted the Fair Labor Standards Act ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standards of living necessary for health, efficiency, and general well-being of workers." 29 USC 202(a). This lawsuit arises under the FLSA, 29 U.S.C. §201 and the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, et seq., for Defendants' failure to pay Plaintiffs and other similarly-situated employees earned minimum wages.

2. Plaintiffs and the class they represent are current and former employees of Defendant MAH working as tipped servers employees. Defendant paid its tipped server

employees sub-minimum hourly wages under the tip-credit provisions of the IMWL and FLSA. Those provisions permit employers of tipped employees to pay wages less than the minimum wage, so long as employers comply with other requirements of the tip-credit provisions. For example, Section 203(m) of the FLSA states that a tip credit privilege "shall not apply with respect to a tipped employee unless…all tips received by such employee have been retained by the employee" with the exception of a valid tip pool. Defendants willfully disregarded those requirements, and others, and thus violated the state and federal minimum wage laws.

3. Defendants have violated the law by denying Plaintiffs and the class their earned wages in the following ways: (a) requiring servers to "tip-out" 3% percent of their gross sales per shift to a tip pool, the proceeds of which are supposed to be shared with those who bus tables, but which are not actually distributed to those employees and therefore appear to be utilized by Defendants for their own purposes; (b) requiring servers and other tipped employees to perform duties outside their tipped positions, including cleaning, food preparation, and other non-tipped duties; and (3) failing to inform tipped employees of the provisions of the tip credit subsection of the FLSA.

**PARTIES**

4. Plaintiff Cope resides in and is domiciled in this judicial district. Plaintiff was employed as a server at MAH within this judicial district.

5. Plaintiff Olson resides in and is domiciled in this judicial district. Plaintiff was employed as a server at MAH within this judicial district.

6. Defendant Millhurst Ale House of Yorkville, Inc., is an Illinois Corporation located at 2071 Marketview Drive, Yorkville, IL 60560 within this judicial district.

7. At all material times hereto, Defendants were Plaintiff's "employer" as defined by the IMWL, 820 ILCS 105/3 (c) and (d), the FLSA, 29 U.S.C. §203(d).

8. Plaintiffs were not exempt from the minimum wage provisions of the IMWL and the FLSA.

9. Defendant Malamis is the manager of Defendant MAH and is involved in MAH's day-to-day business operations. Among other things, Defendant Malamis has the authority to hire and fire employees, to direct and supervise the work of employees, and to distribute paychecks to employees.

## JURISDICTION AND VENUE

10. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' IMWL claims pursuant to 28 U.S.C. § 1367.

11. At all times pertinent to this Complaint, Defendant MAH was an enterprise engaged in interstate commerce and its annual gross sales volume exceeds $500,000, exclusive of excise taxes.

12. During the course of their employment, Plaintiffs handled goods, including perishable produce and other food products that moved in interstate commerce.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that the Defendant is located in this Judicial District and a significant part of the conduct that gives rise to this claim occurred within the Northern District of Illinois.

14. Plaintiffs and other similarly-situated employees worked as servers for the Defendants. Defendants paid these persons $4.95 per hour which is less than minimum wages required by law.

15. An employer may pay a tipped employee less than minimum wage, that is, take a "tip credit", if the employee receives customer tips in an amount that, together with the sub minimum wage, equal the minimum hourly wage. IMWL, 820 ILCS 105/4(c); FLSA, 29 U.S.C. §203(m).

16. The tip credit provision does not apply to a tipped employee unless: (1) the employer has informed the employee of the provisions of the tip credit subsection; and (2) the employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted. FLSA, 29 U.S.C. §203(m); 820 ILCS 105/4(c)(allowing a tipping pool provided "no part thereof was returned to the employer.").

17. Although Defendants took the tip credit by paying Plaintiffs and the class less than the minimum hourly wage, Defendants did not inform its tipped employees of the provisions of the tip credit subsection.

18. Defendants have a practice of regularly utilizing tipped employees to perform back of the house duties and other work not within the scope of a tipped occupation. Thus, Defendants regularly requires servers to perform such duties as cleaning, food preparation, but continued to pay them tip-credit wages while the employees were engaged in those non-tipped duties.

19. Defendants require that servers contribute, 3% percent of their gross sales each shift into a tip pool. While the Defendants have claimed that the tip pool is to be received by employees who bus tables, the Defendants in fact do not share the tips with the bussing employees and instead they are retained by the Defendants.

20. In addition to tipping out 3% percent of gross sales (and not tips received), the Plaintiffs are also required to tip out 5% liquor sales towards the employees who work in the bar.

As such, for alcohol sales, the Plaintiffs are required to share their tips twice. Practically, this means that servers are regularly required to contribute more than 15% of the tips they receive.

## COUNT I
### Violation of the Fair Labor Standards Act
### Section 216(b) Collective Action

21. Plaintiffs hereby reallege and incorporate paragraphs 1 through 20.

22. This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201, et seq., for its failure to pay minimum wages to Plaintiffs and other current and former employees working for Defendants.

23. Plaintiffs bring this claim as a collective action under Section 16(b) of the Act. 29 U.S.C. §216(b). Plaintiffs' consent forms are attached hereto as Exhibit A.

24. Plaintiffs and other current and former employees, were paid by Defendants an hourly rate less than the minimum wage.

25. Although Defendants took a tip credit in paying hourly wages to Plaintiff and other servers, Defendants failed to comply with the predicate requirements under the Act. 29 U.S.C. §203(m).

26. Defendants failed to inform Plaintiffs of the provisions of the tip credit subsection.

27. Defendants regularly required Plaintiffs to perform duties, including cleaning, food preparation, and other duties, while failing to pay them minimum wages while engaged in those non-tipped duties.

28. Defendants failed to permit Plaintiffs to keep all tips received, in that Defendants operated an illegal tip pool, whereby tips in the tip pool were used by Defendants for purposes other than sharing tips among tipped employees.

29. Defendants' failure to comply with the terms of the minimum wage requirements of the FLSA regarding tip credit, and consequently, Plaintiffs failure to be paid minimum wage from Defendants was a willful violation of the Act

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. Judgment in the amount of the owed minimum wages for all time worked by Plaintiffs;

B. Liquidated damages in an amount equal to the amount of unpaid minimum wages;

C. Reasonable attorneys' fees and costs incurred-in prosecuting this action; and

D. Such other and further relief as this Court deems just and proper.

## COUNT II
### Violation of the Illinois Minimum Wage Laws- Minimum Wage
### Class Action

30. Plaintiffs incorporate paragraphs 1 through 29.

31. This count arises from Defendants' willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.,* for Defendants' failure to pay Plaintiffs and the class of tipped employees that they represent all their earned minimum wages. Plaintiffs and the class are current and former server employees of Defendant who are due, and who have not been paid, minimum wages under the provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* Plaintiffs bring this Count I as a class action under Rule 23(b)(3). Fed. R. Civ. P. 23(b)(3).

32. Plaintiffs will seek to certify this Count II as a class action and ask the Court to determine the rights of the classes pursuant to those statutes, and any other damages due, and to direct Defendants to account for all back wages, penalties and prejudgment interest thereon due to the Plaintiffs and the classes that they represent.

33. This Count II is brought as a class action because the class members similarly situated to Plaintiffs are so numerous that joinder of all members is impracticable. Plaintiffs therefore bring this action on her own behalf as aggrieved employees, and in their representative capacity, against Defendants.

34. Plaintiffs and similarly-situated persons are equally affected by the minimum wage violations of Defendants, and the relief sought is for the benefit of Plaintiffs and the class that they seeks to represent.

35. The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the class, if any.

36. Plaintiffs and the class of similarly-situated persons on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely owed minimum wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

37. Plaintiffs are able to fairly and adequately represent and protect the interests of the class. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals, to the Court, and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

38. The books and records of Defendants are material to Plaintiffs' action as they disclose the hours worked by Plaintiffs and each class member and the rate of pay for that work.

39. Defendants violated the IMWL by failing to compensate Plaintiffs and members of the class consistent with the minimum wage provisions.

40. Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid wages for three years prior to the filing of this lawsuit, plus additional damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs and the class pray for Judgment against Defendants as follows:

A. Judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set form in 820 ILCS 105/12(a);

C. Reasonable attorneys fees and costs of this action as provided by the Illinois Minimum Wage Law;

D. An injunction precluding Defendants from violating the Illinois Minimum Wage Law; and

E. Such other and further relief as this Court deems just and proper.

Dated: November 25, 2014                Respectfully Submitted,

By: _____
One of Plaintiffs Attorneys

**DEMAND FOR JURY TRIAL**

David Fish
The Fish Law Firm, P.C.
200 E 5th Ave Suite 123
Naperville, IL 60563
T: 630-355-7590
F: 630-778-0400